IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Treymayne Perkins,<br><br>    Plaintiff,<br><br>vs.<br><br>Mark Freimark, et al.,<br><br>    Defendants. | No. CIV 03-1866 PHX-MHM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on the Court's review of the file. Plaintiff commenced this action on September 24, 2003 (document # 1) and filed an Amended Complaint on February 12, 2004 (document # 6). On July 15, 2004, the Court ordered service of the Amended Complaint on Defendants. (document # 7) Service has been executed on the Defendants. (documents # 8, # 9, # 10). Defendants have neither filed an Answer nor otherwise responded to Plaintiff's Complaint. Plaintiff, however, has not taken any further action to prosecute his case.

In view of Plaintiff's inaction, on September 8, 2005, the Court ordered Plaintiff to show cause on or before September 30, 2005, why the Court should not dismiss this action for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). (document # 15) Plaintiff has neither responded to the Court's Order nor taken any other action to pursue his claims.

When considering whether to dismiss an action for lack of prosecution, the court must consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the

1  disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v.
2  King, 856 F.2d 1439, 1440 (9th Cir. 1988)(quoting Henderson v. Duncan, 779 F.2d 1421, 1423
3  (9th Cir. 1986)).

4  Plaintiff filed his case on September 24, 2003.  He last took action on May 9, 2005 when
5  he notified the Court of his change of address.  (document # 14)  Plaintiff, however, has taken
6  no action to pursue his claims against Defendants.  On September 8, 2005, the Court ordered
7  Plaintiff to explain his inactivity in this action and show cause why this matter should not be
8  dismissed for lack of prosecution on or before September 30, 2005.  Plaintiff has not responded
9  to the Court's Order and has failed to keep the Court informed of his latest address as evidenced
10 by returned mail received on September 14 and 21, 2005.  (documents # 17, # 18)

11 The first two dismissal factors support dismissal for failure to prosecute.  Plaintiff's
12 failure to take any substantive action since serving Defendants in October of 2004 has impeded
13 the resolution of this case.  See, Malone v. United States Postal Service, 83 F.2d 128, 130 (9th
14 Cir. 1987).  Second, Plaintiff's failure to offer any explanation for his delay weighs in favor of
15 dismissal.  Third, Plaintiff bears the burden of persuasion as to the reasonableness of his delay
16 and lack of prejudice to Defendants.  See Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir.
17 1984).  Under Rule 41(b), Plaintiff is required to prosecute his case with reasonable diligence.
18 Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978).  There is no
19 evidence that Plaintiff has contacted the Court regarding his case.  Plaintiff offers no excuse for
20 his failure to prosecute his claims and completely disregarded the Court's September 8, 2005
21 Order.  Under these circumstances, the delay is unreasonable and creates a presumption of
22 prejudice to defendants.  Henderson, 779 F.2d at 1423.  Fourth, the order to show cause warned
23 Plaintiff that the Court may dismiss the matter if Plaintiff did not show cause for his failure to
24 prosecute his claims.  This warning satisfies the court's obligation to consider less drastic
25 alternatives to dismissal.  See, Malone, 833 F.2d at 131.  Finally, the public policy in favor of
26 deciding cases on the merits weighs against dismissal. This factor alone, however, is insufficient
27 to outweigh the other factors which support dismissal. Id.

28

After review of the foregoing factors, the Court finds that this matter should be dismissed based on Plaintiff's failure to prosecute his claims and failure to comply with Court Orders.

Accordingly,

IT IS HEREBY RECOMMENDED that this matter should be **DISMISSED** without prejudice for failure to prosecute and for failure to comply with Court Orders pursuant to FED.R.CIV.P. 41(b).

DATED this 18th day of November, 2005.

Lawrence O. Anderson
United States Magistrate Judge