**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Treymayne Perkins,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Mark Freimark, et al.,<br><br>　　　　Defendants. | No. CIV 03-1866-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Plaintiff's pro se prisoner civil rights complaint. (Dkt. #6). The matter was referred to Magistrate Judge Lawrence O. Anderson for Report and Recommendation. (Dkt. #2). On November 18, 2005 Magistrate Judge Anderson filed his Report and Recommendation with this Court. (Dkt. #19). Plaintiff failed to file any objections.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

Plaintiff filed with the Clerk of the Court on September 24, 2003 a pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. #1). On January 14, 2004, the Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed Plaintiff's complaint with leave to amend and advised Plaintiff to inform the Court of any changes of address and its effective date. (Dkt. #5). On February 12, 2004, Plaintiff filed his Amended Complaint in compliance with the Court's order. (Dkt. #6). On July 15, the Court ordered service of the Amended Complaint on Defendants. (Dkt. #7). Service was executed on the Defendants. (Dkt #'s 8,9&10). Defendants have not filed any Answer nor otherwise responded to Plaintiff's Amended Complaint. Plaintiff; however, has taken no action to prosecute his case.

On September 8, 2005, Magistrate Judge Anderson ordered Plaintiff to show cause on or before September 30, 2005, why the court should not dismiss this action for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). (Dkt. #15). However, Plaintiff has not responded to the Court's order and has failed to keep the Court informed of his latest address as evidenced by the return mail received on September 14 and 21, 2005. (Dkt. #'s 17&18).

As a result of Plaintiff's failure to prosecute, Magistrate Judge Anderson recommends in his Report and Recommendation that the Court dismiss Plaintiff's Amended Complaint without prejudice for failure to prosecute and failure to follow the Court's orders. In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

When considering whether to dismiss an action for lack of prosecution, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring

1  the disposition of cases on the merits; and (5) the availability of less drastic sanctions." Carey
2  v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421,
3  1423 (9th Cir. 1986)).

4      The first two dismissal factors support dismissal for failure to prosecute in this case.
5  Plaintiff's failure to take any substantive action since serving Defendants in October of 2004
6  has impeded the resolution of this case. See Malone v. United States Postal Service, 83 F.2d
7  128, 130 (9th Cir. 1987). Second, Plaintiff's failure to offer any explanation for his delay
8  weighs in favor of dismissal. Third, Plaintiff bears the burden of persuasion as to the
9  reasonableness of his delay and lack of prejudice to Defendants. See Franklin v. Murphy, 745
10 F.2d 1221, 1232 (9th Cir.1984). Under Rule 41(b), Plaintiff is required to prosecute his case
11 with reasonable diligence. Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th
12 Cir. 1978). There is no evidence that Plaintiff has contacted the Court regarding his case.
13 Plaintiff offers no excuse for his failure to prosecute his claims and completely disregarded
14 the Court's September 8, 2005 Order. Under these circumstances, the delay is unreasonable
15 and creates a presumption of prejudice to Defendants. Henderson, 779 F.2d at 1423. Fourth,
16 the order to show cause warned Plaintiff that the Court may dismiss the matter if Plaintiff did
17 not show cause for his failure to prosecute his claims. (Dkt. #15).  This warning satisfies the
18 court's obligation to consider less drastic alternatives to dismissal. See Malone, 833 F.2d at
19 131. Finally, the public policy in favor of deciding cases on the merits weighs against
20 dismissal. This factor alone, however, is insufficient to outweigh the other factors which
21 support dismissal. Id.

22     After reviewing the foregoing factors, the Court finds that this matter should be
23 dismissed based upon Plaintiff's failure to prosecute and failure to comply with the Court's
24 Orders.  Having reviewed the Report and Recommendation of Magistrate Judge Anderson,
25 the Court concludes that Plaintiff's Amended Complaint should be dismissed without
26 prejudice.  The Court hereby incorporates and adopts Magistrate Judge Anderson's Report
27 and Recommendation.

28

1 **Accordingly,**

2 **IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Anderson's
3 Report and Recommendation. (Dkt. #19).

4 **IT IS FURTHER ORDERED** that the Amended Complaint and this action are
5 dismissed without prejudice pursuant to Rue 41(b) of the Federal Rules of Civil Procedure
6 for failure to prosecute. (Dkt. #6).

7 **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter
8 judgment accordingly.

9 DATED this 12th day of January, 2006.

Mary H. Murguia
United States District Judge